In re 625 CORPORATION, Debtor.

Bankruptcy No. 97–13114–9PI.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 22, 1998.

John D. Goldsmith, Tampa, FL, Roy S. Korbert, Orlando, FL, for Debtor.

## ORDER ON OBJECTION TO CONFIRMATION AND MOTION FOR CRAMDOWN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case filed by 625 Corporation (Debtor) who filed its Petition for Relief on August 8, 1997. Shortly after the commencement of the case Franklin Life Insurance Company (Franklin Life), the holder of the first mortgage encumbering the only real estate asset of the Debtor, filed a Motion to Dismiss the Chapter 11 case for cause, specifically, on the ground that the Petition was filed in bad faith. In due course, the Motion to Dismiss was scheduled for hearing and after having heard argument of counsel for the parties this Court denied the Motion without prejudice, concluding that the case was still in a very embryonic stage and that the Debtor should be given one opportunity to attempt to obtain confirmation of its plan of reorganization. Further, this Court directed that a plan of reorganization be filed without delay.

On October 31, 1997, the Debtor filed its Disclosure Statement and Plan of Reorganization and on January 20, 1998, filed its Amended Disclosure Statement and Amended Plan of Reorganization (Plan). On February 25, 1998, this Court approved the Disclosure Statement and fixed the confirmation schedule, including the bar date to file a motion for cramdown, if one was to be filed, by March 19, 1998. The Debtor filed a Motion for Cramdown on March 26, 1998, albeit one week after the deadline. Franklin Life filed an Objection to Confirmation based on the undisputed fact that the Motion for Cramdown was filed late and argued that the Plan could not be confirmed because Franklin Life, an impaired creditor, voted against the Plan, and because the Debtor failed to obtain the acceptance of at least one impaired class, which is a requirement of 11 U.S.C. § 1129(a)(10) for confirmation. The issues raised by Franklin Life were scheduled for final evidentiary hearing, at which time the following facts relevant to the matters under consideration were established.

625 Corporation is a Florida Corporation. Its President and sole Director is Jonathan Chaite (Chaite), a Canadian citizen. Chaite is a barrister and solicitor and is a member of the Law Society of the Province of Quebec. He claimed to have retired in 1986 and has not practiced law since. All outstanding shares of the Debtor are owned by VicMar Corporation, a Canadian Corporation, of which Chaite is the sole officer and director.

The only real property owned by the Debtor is a three-story medical office building, known as East Point Professional Center, located in Ft. Myers, Florida (the "Property"). The Property, which was formerly owned by a partnership in which the Debtor held a 50% interest, was acquired by the Debtor in 1994. The Property is encumbered by the first mortgage held by Franklin

Life securing an indebtedness in excess of $1,750,000.00. At the time the Debtor filed its Petition for Relief, the Property was already in foreclosure and, in fact, the Petition was filed one day prior to the appointment of a receiver by the Twentieth Judicial Circuit Court in and for Lee County, Florida, in the foreclosure action.

## CURRENT STATUS OF THE PROPERTY

The Property, as noted earlier, is a three-story medical office building. The first floor is the parking area and the second and the third floors currently have eight suites per floor, representing 29,000 square feet of rentable space. Out of the total rentable space, 5,800 square feet was vacant at the time of the hearing, and an additional 4,000 square feet was to become vacant in the near future. The Property will be facing additional vacancies, as none of the tenants have long-term leases and most of the leases will expire prior to the turn of the century. During the preceding three years, the building has never reached ninety percent occupancy. When the largest tenant, Diagnostic Services, Inc., which currently occupies 10, 450 square feet, moves out in late summer or early fall, the facility will have a 40 percent vacancy rate.

The facility was built in 1980 and is in need of the following substantial repairs:

| | Estimated Cost |
|---|---|
| New Roof | $30– $40,000.00 |
| Exterior Painting | $15– $20,000.00 |
| Reseal/Restripe Parking Lot | $ 3– $ 4,000.00 |
| Redecorate Internal Hallways | $ 6– $ 7,000.00 |
| Trim Palm Trees | $ 2,000.00 |

The Debtor does not have the funds necessary to make these repairs. In addition, the Debtor also needs funds for the tenant improvements which must be completed before a new tenant moves in. The change from one tenant to another costs approximately $5.00 to $10.00 per square foot.

Currently, the Debtor–in–Possession account has a balance of $120,000.00. After deducting the estimate for repairs of Counsel for the Debtor of approximately $67,000.00; $33,000.00 due in real estate taxes; $4,000.00 to be paid to Class IV; and $20,000.00 to be paid to Class V, a negative balance in the amount of $4,000.00 is left. This calculation does not include funds needed for tenant improvements. This record leaves no doubt that the Debtor does not have sufficient funds to perform the needed repairs and pay the amounts due to creditors as designated above.

## PLAN OF REORGANIZATION

The Plan in relevant part provides the following treatment for the secured and unsecured creditors. Franklin Life, on the allowed secured claim, is to receive $13,342.89 per month for ten years, with the remaining balance of approximately $1.5 million to be paid in full as a balloon payment in the year 2008. This payment schedule was based on a thirty-year amortization to be paid in ten years. Franklin Life's unsecured deficiency claim of $200,000 is placed in Class IV.

The other unsecured claims are split in two separate classes. Unsecured claims of $500.00 or less and other unsecured creditors who are willing to reduce claims to $500.00 are placed in Class IV with Franklin Life. The creditors in this class are to be paid $20,000.00 over four years. On this provision of the Plan, Franklin Life cast a rejection ballot. Since Franklin Life controls the amount in the Class, the Plan cannot be confirmed unless the Debtor is able to use the cramdown provisions of Section 1129(b) of the Bankruptcy Code.

Franklin Life's Objection to Confirmation is primarily based on two propositions. First, Franklin Life contends that the Motion for Cramdown is tardy, therefore, this Court should not permit the Debtor to rely on 11 U.S.C. § 1129(b) to obtain confirmation of its Plan. Second, Franklin Life contends that the Debtor failed to obtain the acceptance of the Plan by at least one impaired class, therefore, the Debtor did not meet the requirement of Section 1129(a)(10), which is a condition precedent before the Debtor may use Section 1129(b).

Considering the first ground urged by Franklin Life, it is true that the Motion for Cramdown was not filed within the time fixed by this Court's Order approving the Disclosure Statement on February 22, 1990.

Of course, this date which is fixed by the Court, and not by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, can be changed or even disregarded if it appears to be appropriate to do so under the circumstances. The excuse offered by Debtor's counsel is not very persuasive, inasmuch as counsel was no doubt aware that Franklin Life would not vote for the Plan. Nevertheless, Franklin Life suffered no prejudice due to the slight delay in filing the Motion.

The second ground to deny confirmation urged by Franklin Life is more bothersome and the resolution depends on finding a satisfactory answer to the basis of the objection. Franklin Life contends that the creditors in the administrative convenience class, Class V, are not really "impaired." It contends that Class V is artificially impaired by giving creditors holding claims in excess of $500.00 an option to reduce their claims below the cap placed on the administrative convenience class, thus, creating an unfair classification.

■ It should be noted at the outset that 11 U.S.C. § 1122(b) expressly authorizes to classify separately claims which are similar for the administrative convenience. This permits not only claims which are less than a certain fixed amount, but also claims of creditors who are willing to reduce their claim in order to fall into that class. A convenience class in a Chapter 11 case, however, must be reasonable and necessary. *In re Piece Goods Shops Co., L.P .,* 188 B.R. 778 (Bankr. M.D.N.C.1995); *In re United Marine, Inc.,* 197 B.R. 942 (Bankr.S.D.Fla.1996). It certainly makes no sense for the Plan to provide a deferred payment, possibly over several years, when the Debtor has sufficient cash to pay the dividend provided for this class immediately, or at least shortly after the effective date of the Plan. In the present instance, the Debtor has sufficient cash to pay the administrative convenience class in full.

■ The class may not be created, however, for the purpose other than administrative convenience and it must be reasonable. It is obvious that it is not necessary and reasonable to recognize administrative convenience claims which are created for the purpose of creating an impaired accepting class in order to meet the requirements of § 1129(a)(10) of the Code. In the present instance while the classification facially appears to be proper, it still leaves the question of whether or not this class is impaired. The evidence presented leaves no doubt that the Debtor has sufficient cash to pay these claims in full upon the effective date of the Plan. Any other treatment for the claims in this Class is not reasonable and certainly not necessary. Some courts have taken the view that administrative convenience exception is not enough to justify separate classification of claims, except in those cases where unsecured claims are numerous and small in amount. *In re Elmwood, Inc.,* 182 B.R. 845 (D.Nev.1995); *In re Dean,* 166 B.R. 949 (Bankr.D.N.M. 1994). In *In re Woolley's Parkway Center, Inc.,* 147 B.R. 996 (Bankr.M.D.Fla.1992) the Court found the plan to be filed in bad faith where the plan contained a not very subtle attempt to artificially create an impaired class because it needed the vote of at least one impaired class in order to obtain confirmation.

In the present case, in the last analysis, the administrative convenience class is not truly impaired and since there is not a single impaired class who accepted the Plan with the requisite majority of votes in amount and number the Debtor failed to satisfy the requirement of 11 U.S.C. § 1129(a)(10). The Plan, therefore, cannot be confirmed.

■ Franklin Life did not object to confirmation on the basis that the Plan is not feasible. Notwithstanding, it is clear that even in the absence of any objection it is the Debtor's burden to establish all of the requirements set forth in Section 1129, including subclause (a)(11). One would be hard pressed to conclude that this Plan is feasible notwithstanding the claimed willingness of the Debtor's principal to contribute $100,-000.00 to the Debtor, ostensibly to meet a predicted shortfall in the first two years.

■ This Court is satisfied that this facility is not economically viable. It is seriously problematical that the Debtor would never be able to come up with the lump sum balloon payment which will become due at the end of the term. In sum, this Plan is less than marginal and the record cannot support

the conclusion that it is feasible. From the foregoing, it follows that the Debtor has not met the requirements of 11 U.S.C. § 1129(b). The Plan, therefore, cannot be confirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that confirmation is denied for the reasons stated. It is further

ORDERED, ADJUDGED AND DECREED that a hearing shall be scheduled before the undersigned in Fort Myers Federal Building and Federal Courthouse, Room 4-117, Courtroom D, 2110 First Street, Fort Myers, Florida on July 16, 1998 at 1:00 pm to consider either dismissal or conversion of this chapter 11 case to a Chapter 7 liquidation case pursuant to 11 U.S.C. § 1112(b)(5).

DONE AND ORDERED.